Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff David Greenley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **David Greenley**, an individual,<br>Plaintiff,<br>v.<br>**CMRE FINANCIAL SERVICES, INC.**, a California corporation,<br>Defendant. | Case No. '17CV1991 CAB BGS<br>**Complaint**<br>Jury Trial Demanded |

## Introduction

1. David Greenley ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CMRE Financial Services, Inc. ("Defendant"), and their agents with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

2. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) in that Defendant resides and transacts business in this District.

## Parties

6. Plaintiff is a natural person who currently resides in Southern California and was obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

7. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collection agency, is incorporated under the laws of California, and operates from an address of 3075 E Imperial Hwy. #200, Brea, California 92821, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

10. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**Factual Allegations**

11. Plaintiff is informed and believes, and thereon alleges, that all times relevant, Defendant conducted business in the State of California.

12. All of Defendant's various communications with Plaintiff described herein were each an attempt to collect a debt and fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

13. Sometime before December 2016, Plaintiff incurred financial obligations to Valley Presbyterian Emergency Medicine ("VPEM") for his personal emergency medical bills arising out of a car accident in which he was a passenger, which were primarily for personal and household purposes.

14. 15 U.S.C. § 1692a(5) sets out the definition of "debt(s)" as financial obligations primarily for personal, family or household purposes. The debts incurred by Plaintiff were for household goods and services, more specifically, personal medical bills for healthcare services, meeting the criteria for "debt(s)" under 15 U.S.C. § 1692a(5).

15. Cal. Civ. Code § 1788.2(d) and § 1788.2(f) define the terms "debt(s)" and "consumer debt" as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person. Plaintiff is a natural person who incurred financial obligations for personal health services, and therefore meets the definition of "debt(s)" and "consumer debt" under Cal. Civ. Code § 1788.2(d) and § 1788.2(f).

16. Cal. Civ. Code § 1788.2(e) sets out the definition of "consumer credit transaction" as the acquisition of property, services or money on credit primarily for personal, family, or household purposes. The debt incurred by Plaintiff was for medical health services primarily used for personal, family, or household purposes, meeting the criteria for "consumer credit transaction" under Cal. Civ. Code § 1788.2(e)

17. Sometime before February 28, 2017, Plaintiff failed to make a payment on this medical account resulting in a defaulted consumer debt owed to VPEM in the amount of $554.00 ("debt").

18. Sometime on or about April 11, 2017 and subsequent to failing to make a payment on the debt to VPEM, the debt was assigned, placed, or otherwise transferred to a third-party debt collector, Defendant, for collection.

19. Plaintiff received a collection letter via U.S. Mail from Defendant dated April 11, 2017 attempting to collect the defaulted debt.

20. The letterhead in the letter identifies the sender as "VP Emergency Medical Group" from an address of 3075 E. Imperial Highway, Suite 200, Brea, CA 92821.

21. Upon well-formed information and belief, there is no such entity registered to do business in the State of California under the name VP Emergency Medical Group.

22. The letter directed payment to 3075 E. Imperial Highway, Suite 200, Brea, CA 92821.

23. The letter also includes a contact telephone number stating, "If you have any questions regarding this correspondence, please do not hesitate to contact us at 1-800-404-6627."

24. The letter also identifies the 1-800-404-6627 as a "Pay By Phone" option.

25. The signature block of the letter states that the letter is from "VP EMERGENCY MEDICAL GROUP".

26. Based upon information and belief, the letter dated April 11, 2017 was sent from Defendant, not from VPEM.

27. The payment address listed on the letter belongs to Defendant, not to VPEM.

28. The 1-800-404-6627 telephone number is a number that belongs and connects callers to Defendant, not to VPEM.

29. VPEM maintains a wholly separate telephone number and address for payments than those listed in Defendant's letter.

30. VPEM maintains a website address to make payments online that they include in their bills. Defendant's letter includes no reference to that website.

31. 15 U.S.C § 1692e(14) prohibits a debt collector from the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

32. Here, Defendant used VPEM's business name and identity to collect a debt.

33. Nowhere in the letter does Defendant disclose their true identity or that it is a separate entity from VPEM attempting to collect a debt from Plaintiff.

34. Nowhere in the letter does Defendant disclose that by calling the contact number on the letter the recipient of the letter will be calling and communicating with Defendant. The line containing the contact number says "contact **us** at…" Emphasis added. No other business name or sender is identified anywhere in the letter other than VPEM, so no other reasonable conclusion can be drawn by a recipient and/or reader of the letter that "us" means VPEM.

35. According to 15 U.S.C § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the

collection of any debt. Similarly, 15 U.S.C § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

36. Defendant's letter as a whole, was false, deceptive, and misleading with regard to the identity of the sender.

37. Defendant's inclusion of words in the letter such as "Our", "We", "us" in combination with the letterhead, payment address, and signature block would mislead a reasonable reader to conclude that VPEM was the sender of the letter and that they were directly communicating with the recipient of the letter in an attempt to collect an amount due.

38. Defendant's letter fails to include any of the notices required by 15 U.S.C § 1692g(a).

39. Defendant's letter fails to include any of the disclosures required by 15 U.S.C § 1692e(11).

40. Defendant's letter fails to include the notice required to California recipients of collection letters required by Cal. Civ. Code § 1812.700.

41. In addition, Defendant sent substantially identical collection letters on May 16, 2017 and June 20, 2017, in which it made the same misleading representations to Plaintiff, as the earlier April 11, 2017 letter.

42. Accordingly, Defendant's letters and collection call conduct described herein violated 15 U.S.C §§ 1692e, 1692e(10), 1692e(11), 1692e(14), 1692f, 1692g(a), and Cal. Civ. Code § 1812.700.

43. In violating 15 U.S.C §§ 1692e, 1692e(10), 1692e(11), 1692e(14), 1692f, 1692g(a), Defendant's communication and actions also violated Cal. Civ. Code § 1788.17.

## First Claim for Relief—Violations of the Fair Debt Collections Practices Act 15 USC § 1692 *et seq.*

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 *et seq*.

46. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)

47. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

48. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

49. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**Fair Debt Collection Practices Act**

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
2. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Rosenthal Fair Debt Collection Practices Act**

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;
6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.
7. for such other and further relief as may be just and proper.

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated: September 28, 2017.

Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff